

SO ORDERED.

SIGNED this 23rd day of September, 2013.



UNITED STATES BANKRUPTCY JUDGE

---

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| **Cassandra Gore,** | ) |
| | ) Case No. 12-81724 |
| | ) |
| **Debtor.** | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER
## DENYING DEBTOR'S OBJECTION TO CLAIM

THIS MATTER came before the Court on June 24, 2013 in Durham, North Carolina upon Debtor's Objection to Claim Number 7 of Horton Hills Homeowners Association, Inc. Koury Hicks appeared as attorney for Cassandra Gore, Markham B. Gunter appeared on behalf of Horton Hills Homeowners Association, Inc., and Richard M. Hutson, II appeared as the Chapter 13 Trustee. The parties were given the opportunity to brief the issue. After considering the objection, arguments of counsel, briefs, and evidence on record, this Court makes the

following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure:

## JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334 and Local Rule 83.11 entered by the United States District Court for the Middle District of North Carolina.  This is a core proceeding under 28 U.S.C. § 157(b)(2) which this Court may hear and determine.

## PROCEDURAL HISTORY & FACTS

Cassandra Gore ("Debtor") owns a home located at 2 Kilborn Lane, Durham, North Carolina in a planned community (the "Property").  Horton Hills Homeowners Association ("Horton Hills") is a homeowners' association formed pursuant to a Declaration of Covenants, Conditions, and Restrictions (the "Declaration") for the subdivision in which the Property is located.  The Declaration was duly recorded in the Durham County, North Carolina Registry of Deeds in 2000.  The Declaration states that the Property "...shall be held, sold and conveyed subject to the following easements, restrictions, covenants, and conditions, which are for the purpose of protecting the value and desirability of, and which shall run with, said real property and be binding on all parties…"  The Declaration also provides that the assessments shall be a continuing lien upon the property. Specifically, Article V – Covenant for Maintenance Assessments – Section 1 of the Declaration states:

> Creation of the Lien and Personal Obligation Assessments.  The Declarant, for each Lot owned within the Properties, hereby covenants and agrees, and each Owner of any Lot by acceptance of a deed therefor, whether or not it shall be so expressed in such deed, is deemed to covenant and agree to pay the Owner's Association: (1) annual assessments or charges, and (2) special assessments for capital improvements, such assessments to be established and collected as hereinafter provided.  All such annual

> and special assessments, together with interest, costs, and reasonable attorney's fees for the collection thereof shall be a charge and lien upon the Lot and improvements of the respective Owners thereof, and the same shall be *continuing lien* upon the property (Lot and Improvements) against which each such assessment is made. Each such assessment, together with interest, costs, and reasonable attorney's fees for the collection thereof, shall also be a personal financial obligation of the person, or persons, who was, or were, the Owner or Owners, of such property at the time when the assessments became due. The personal financial obligation for delinquent assessments shall not pass to successors in title to any such lot and improvements unless expressly assumed by such purchasers; PROVIDED, HOWEVER, the same shall be and remain a charge and lien upon any such Lot and improvements until paid or otherwise satisfied except as may herein otherwise be provided. (emphasis added)

To perfect its continuing lien on the Property created by the Declaration, Horton Hills filed a claim of lien on March 15, 2005 ("Claim of Lien") due to Debtor's non-payment of association dues to Horton Hills. The Claim of Lien describes the assessments and basis of the lien as follows:

> (4) Description of assessments due and payable from owner to lien claimant:
>
> The assessments due and payable from the owner of the above referenced property were not paid during the various months of ownership and the outstanding balance due on the assessment account at the time of filing of this lien is the principal amount of $360.00, plus interest, plus late fees, costs and reasonable attorney's fees *along with all subsequently accrued assessments, costs, interest, late fees and attorney fees*. These assessments have been past due for more than thirty days and in accordance with NCGS § 47F-3-116. (emphasis added)
>
> (5) Basis of Lien Claim:
>
> Said Homeowners Association is entitled to record this Lien pursuant to the above referenced Declaration and applicable law, *said lien filed for the purpose of securing all past due and ongoing assessments*, late fees, interest, court costs and attorney fees (emphasis added)

3

Horton Hills initiated a foreclosure suit in Durham County, North Carolina in July 2005 to enforce the Claim of Lien, and received an order of foreclosure on September 1, 2005 ("Foreclosure Case").[1]

Subsequently, on September 7, 2005, the Debtor filed her first chapter 13 petition ("First Case").[2] The chapter 13 plan was confirmed on December 29, 2005 ("First Plan"). The First Plan provided Horton Hills with a secured claim for past due homeowners' dues and assessments; the Debtor was required to pay the ongoing assessments directly to Horton Hill as the assessments became due. The arrearage claim in the amount of $1,175.84 was paid in full during the First Plan. The Debtor received a discharge on February 10, 2011. The First Case was closed on April 15, 2011. However, the First Case was reopened on July 27, 2011 to allow the Debtor to pursue remedies against the mortgage creditor and the First Case was closed for the final time on September 21, 2012.

The Debtor filed a second chapter 13 petition on November 16, 2012 ("Second Case"). The chapter 13 plan was confirmed on May 16, 2013 ("Second Plan"). In the Second Plan, Horton Hills is treated as a secured long-term creditor to be paid directly by Debtor at $120.00 per year for ongoing homeowner's dues. Pursuant to Horton Hills' proof of claim, the arrearage in the amount of $2,163.43 was treated as a secured claim in the Second Plan to be paid in full. The Debtor objected to the treatment of the arrearage, arguing that Horton Hills' lien was not properly perfected ("Objection"). Horton Hills amended its proof of claim to include the Claim of Lien and asserted a secured claim in the amount of $1,138.09 for pre-petition arrearage, which consisted of dues which became due after the filing of the First Case ("Claim").

---

[1] The Foreclosure Case is listed in the statement of financial affairs section of the Debtor's petition filed in the First Case.
[2] The Foreclosure Case was stayed due to the First Case, and the Durham County Clerk of Court filed an Order to Close the file on January 12, 2009.

4

After amending the Claim, the Debtor argued that Horton Hills' Claim of Lien was extinguished prior to the filing of the Second Case because Horton Hills failed to enforce its lien pursuant to N.C.G.S. § 47F-3-116(c). Horton Hills argued that its Claim of Lien was effective as of the filing of the Second Case and the Court should overrule the Debtor's objection.

## ANALYSIS

Homeowners association liens are unique liens based upon covenants that run with the land. The North Carolina Planned Community Act ("PCA") governs the perfection of a lien against an owner's property based on past due assessments, and the PCA creates an action in which the homeowners' association may foreclose on the lien. N.C.G.S. § 47F-3-116; *In re Guillebeaux*, 361 B.R. 87, 93 (Bankr. M.D.N.C. 2007); *Willow Bend Homeowners Ass'n, Inc. v. Robinson*, 665 S.E. 2d 570, 578 (N.C. App. 2008). *See In re Young*, 2012 WL 5430987 (Bankr. E.D.N.C. Nov. 7, 2012) (stating that "[t]he [homeowners' association] lien … is to be construed much like a mortgage. This is consistent with the state statutes…"). North Carolina General Statute § 47F-3-116(a) provides "…any assessment levied against a lot remaining unpaid for a period of 30 days or longer shall constitute a lien on that lot when a claim of lien is filed of record in the office of the clerk of superior court of the county in which the lot is located in the manner provided herein…" N.C.G.S. § 47F-3-116(a). Subsection (c) of North Carolina General Statute § 47F-3-116 states that "a lien for unpaid assessments is extinguished unless proceedings to enforce the lien are instituted within three years after the docketing of the claim of lien in the office of the clerk of superior court." N.C.G.S. § 47F-3-116(c). Postpetition homeowners' association assessments survive a bankruptcy discharge as the Fourth Circuit has held that homeowners' association assessments are nondischargeable, postpetition debts that arise from a

5

covenant running with a land.  *In re Guillebeaux*, 361 B.R. 87 at 92 (citing *In re Rosenfeld*, 23 F.3d 833, 836-37 (4th Cir. 1994)).

The Declaration provides that Horton Hills' homeowners association assessments are a continuing lien against the Property, and the Claim of Lien is secured by past due assessments and ongoing assessments.  The parties do not dispute that Horton Hills held a duly perfected Claim of Lien upon the filing of the First Case.  The Debtor alleges that the Claim of Lien was extinguished prior to the Second Case because proceedings to enforce the lien were not "instituted" by Horton Hills "within three years after the docketing of the claim of lien," as North Carolina General Statute § 47F-3-116(c) requires.  The Debtor's allegation is incorrect.  Horton Hills instituted proceedings to enforce the lien within three years of docketing the Claim of Lien by commencing the Foreclosure Case against the Debtor in July 2005.  The lien is valid and is secured by all past due and ongoing assessments, late fees, interest, court costs and attorney fees as stated in the Claim of Lien.  Therefore, Horton Hills Claim is allowed as a secured claim.

## CONCLUSION

Based upon the foregoing, Horton Hills' Claim is allowed as filed.  It is therefore, ORDERED that the Debtor's Objection to Claim No. 7 of Horton Hills is OVERRULED.

END OF DOCUMENT

SERVICE LIST

Cassandra Gore
Debtor

Koury Hicks
Attorney for Debtor

Markham Gunter
Attorney for Horton Hills

Richard M. Hutson, II
Trustee